IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CHRISTOPH K. LaDUE and SHELLEY J. LaDUE, co-administrators of the ESTATE of CHRISTOPH KARL LaDUE, JR.; | No. 1:14-CV-01421-CL |
| Plaintiffs, | **ORDER** |
| v. | |
| CITY OF TALENT; CITY OF PHOENIX; JACKSON COUNTY by and through JACKSON COUNTY SHERIFF; DAVID PLUMMER; ADAM LEWIS, STEVEN SCOW; JACKSON COUNTY FIRE DISTRICT NO. 5, an incorporated rural fire protection district; SKY HIGH SMOKE N' ACCESSORIES, LLC, an Oregon limited Liability company; ROBERT DANIEL PAINTER; LINDSEY NICHOLE PAINTER; JESSE JON WEAVER; ZENCENSE INCENSEWORKS, LLC, a Florida limited liability company; nka ZIW, LLC, a Florida limited liability company; CHARLES BURTON RITCHIE; JASON YEATMAN; WILLIAM J. OVERMAN; CHRYSTAL HENRY; BENJAMIN GALECKI; ROBERT BIGGERSTAFF; EDWARD CREWS; and JOHN DOES 1-10; | |
| Defendants. | |

CLARKE, Magistrate Judge.

Christoph and Shelley LaDue, co-administers of the Estate of Christoph Karl LaDue, Jr.

("Plaintiff"), bring this action against first responders; law enforcement; and sellers,

manufacturers, and distributors of a synthetic cannabinoid called "Bizarro Incense." Defendant Benjamin Galecki ("Galecki"), an owner/member of Bizarro Incense's manufacturer and distributor, asserts this Court lacks personal jurisdiction over him and thus moves to dismiss (#81) Plaintiff's claims in his favor. For the reasons set forth below, the Court will hold Galecki's motion (#81) in abeyance while Plaintiff conducts limited jurisdictional discovery.

## BACKGROUND

The following allegations come from Plaintiff's Second Amended Complaint (#58). For the limited purpose of ruling on Galecki's motion to dismiss, the Court assumes these allegations are true and draws all reasonable inferences in Plaintiff's favor. See Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1187 (9th Cir. 2002).

On September 5, 2012, Christoph Karl LaDue, Jr. ("LaDue"), a 23 year old man with Schizophrenia, acquired a smokeable synthetic cannabinoid called "Bizarro Incense" from Sky High Smoke N' Accessories ("Sky High") in Medford, Oregon. SAC ¶ 1. Zencense Incenseworks, LLC, now known as ZIW, LLC ("ZIW"), manufactured, distributed, and sold Bizarro Incense to Sky High. SAC ¶ 14. Galecki is one of ZIW's owners and/or members. SAC ¶ 14.

On the evening of the 5th, LaDue smoked an unknown quantity of Bizarro Incense and had a severe adverse reaction. SAC ¶ 23. LaDue became agitated and disoriented, began sweating profusely, repeatedly told his parents that he was on fire, and appeared to be hearing voices. SAC ¶¶ 23, 25, 30. When LaDue became violent toward his father, a family member called 9-1-1 and requested emergency medical assistance. SAC ¶ 26. Responding paramedics refused to render aid to LaDue until he was secured by law enforcement. SAC ¶ 28. In an effort to restrain him, responding officers used their Tasers on LaDue a total of 17 times. SAC ¶ 32.

They sprayed LaDue at close range with pepper spray, kicked him in the ribs/chest, and employed control and hair holds on him. SAC ¶ 32-33. As a result of LaDue's agitated delirium brought on by his ingestion of Bizzaro Incense and the manner in which the officers attempted to restrain him, LaDue went into sudden cardiac arrest and died. SAC ¶ 38.

## STANDARD

Federal courts may exercise personal jurisdiction over a non-resident defendant where the state's long-arm statute confers jurisdiction over the defendant and the exercise of jurisdiction does not violate due process. Data Disc. Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1286 (9th Cir. 1977). Because Oregon law confers jurisdiction over an out-of-state defendant that is coextensive with due process, the court need only analyze whether the exercise of jurisdiction comports with due process. Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 n.1 (9th Cir. 1990). Plaintiffs bear the burden of proving a prima facie case that jurisdiction exists over a defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) ("Where a defendant moves to dismiss . . . for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.").

## DISCUSSION

Galecki argues Plaintiff's claims should be dismissed because this Court lacks personal jurisdiction over him. Due process requires a court to have general or specific jurisdiction over a defendant to avoid "offend[ing] traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 316 (1945) (citations omitted). A court has general jurisdiction where the defendant's contacts with the forum are "substantial" or "continuous and systematic." Decker Coal Co. v. Commw. Edison Co., 805 F.2d 834, 839 (9th Cir. 1986). A court has specific jurisdiction over a defendant if "there is a strong relationship between the

quality of the defendant's forum contacts and the cause of action." Id. Courts apply the following three-part test when determining whether they have specific jurisdiction over a defendant:

> (1) The nonresident defendant must do some act . . . by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.

Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted).

Galecki's status as a member/officer of ZIW alone does not confer personal jurisdiction over him. The Ninth Circuit has recognized that a "corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum." Kransco Mfg. v. Markwitz, 656 F.2d 1376, 1379 (9th Cir. 1981) (citations omitted); see also Davis v. Metro Prod., Inc., 885 F.2d 515, 520 (9th Cir. 1989) ("[A] person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person."). Nor does Galecki's status within ZIW insulate him from jurisdiction. See Davis, 885 F.2d at 521. Rather, "[e]ach defendant's contacts with the forum State must be assessed individually." Calder v. Jones, 465 U.S. 783, 790 (1984). A corporate officer may be subject to personal jurisdiction if he was a "primary participant" in the alleged wrongdoing. Id. Jurisdiction may be appropriate if the officer had "control of, and direct participation in the alleged activities." L & A Designs, LLC v. Xtreme ATVs, Inc., 860 F.Supp.2d 1196, 1199 (D. Or. 2012) (citations omitted).

Galecki's only alleged contacts with the forum state arise by virtue of his status as a member/officer of ZIW. The Second Amended Complaint does not allege Galecki committed any "personal acts with consequences in" Oregon. Kransco Mfg., 656 F.2d at 1379 (citations omitted). Galecki submits an affidavit in which he testifies to a lack of contacts with Oregon justifying jurisdiction. In the absence of any evidence or allegations that Galecki personally

Page 4 – **ORDER**

participated in or otherwise controlled the alleged activities giving rise to this case, this Court's exercise of jurisdiction over him would not comport with due process.

Plaintiff does not dispute that it has not met its burden to establish personal jurisdiction over Galecki. Instead, it asks the Court to deny Galecki's motion as untimely or, alternatively, to allow Plaintiff to determine whether personal jurisdiction exists through reasonable discovery. Jurisdictional "[d]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (citations omitted).

In this case, "a more satisfactory showing of the facts is necessary" before the Court can rule on the issue of personal jurisdiction. Id. Just as Plaintiff's Second Amended Complaint does not sufficiently demonstrate that jurisdiction exists, Galecki's affidavit does not establish that personal jurisdiction is lacking. Plaintiff points out that the affidavit is opaque in certain key areas. For example, Galecki testifies that he has not executed any contracts, distributed any products, conducted business, or provided services in Oregon in his "individual capacity." Galecki Aff. ¶¶ 5-8. He does not specify whether he has engaged in such activities in his professional capacity. Instead, he asserts that "any business communications" he made to people and entities in Oregon "would have been solely and exclusively as an agent or representative of the company in the performance of my duties for the company, and not in my individual capacity." Galecki Aff. ¶ 24. In so stating, Galecki appears to argue that his professional activities cannot be considered in assessing his contacts with the forum state. However, the Ninth Circuit rejected this line of reasoning in Davis, 885 F.2d at 522. There, it found that actions taken by an officer on behalf of a corporation can be considered contacts for jurisdictional purposes.

Id.; see also Calder, 465 U.S. at 790 (finding that a reporter and editor's status as employees did not insulate them from jurisdiction). As a member of ZIW, Galecki is not "protected from jurisdiction by a fiduciary shield." Davis, 885 F.2d at 522.

Based on the evidence and allegations proffered by both parties, it is not clear to the Court "that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977). Rather than rule on an incomplete record, the Court will allow limited jurisdictional discovery. "Plaintiff should be allowed [to] explore the quality, quantity and nature of all of [Galecki's] contacts with this forum and draw its own conclusions and proffer its own arguments as to whether Defendant should be subject to personal jurisdiction in this Court." Orchid Biosciences, Inc. v. St. Louis Univ., 198 F.R.D. 670, 674 (S.D. Cal. 2001).

## ORDER

For the reasons stated above, the Court will hold Galecki's motion to dismiss (#81) in abeyance for 60 days to allow the parties time to conduct limited jurisdictional discovery and submit any additional authorities to the Court.

It is SO ORDERED and DATED this _____ day of April 2015.

_____
MARK D. CLARKE
United States Magistrate Judge