IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CRISTOPH K. LaDUE and SHELLEY J. LaDUE, co-administrators of the ESTATE of CRISTOPH KARL LaDUE, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TALENT, *et al.*,<br><br>Defendants. | Civ. No. 6:14-cv-1421-CL<br><br>ORDER |

MCSHANE, Judge:

Magistrate Judge Mark D. Clarke filed a Report and Recommendation (ECF No. 192) in this case, and the matter is now before this Court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Defendants Charles Burton Ritchie and Benjamin Galecki ("Defendants")[1] object to Judge Clarke's Report and Recommendation. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error and conclude the report is correct.

---

[1] Ritchie is the founder, managing member, and 80 percent owner of ZIW, LLC, fka Zencense Incenseworks, LLC ("ZIW"). Ritchie Depo., 8:4, ECF No. 162-2. Galecki is the Chief of Operations and 20 percent owner of ZIW. Galecki Depo., 9:8, ECF 162-3.

1 – ORDER

Defendants' objections focus on Judge Clarke's conclusion that Defendants' commercial activities targeted Oregon, thereby satisfying the second prong—express aiming—of the *Calder* effects test, used to determine whether courts have personal jurisdiction over out-of-state parties. *Calder v. Jones*, 465 U.S. 783, 789, 104 S. Ct. 1482 (1984).

It is undisputed that Defendants marketed and sold their product throughout much of the United States. Due to the nature of the product at issue in this case,[2] however, Defendants disallowed or discontinued sales in certain states based on the tumultuous legal landscape surrounding the product. Ritchie Depo., 34:19–25, 35:1–6, ECF No. 162-2.

Defendants take specific issue with Judge Clarke's statement that they "targeted Oregon by omission." ECF No. 192 at 15. Defendants argue that this statement constitutes "an unreasonable extension of the express aiming prong of the *Calder* effects test." Def.'s Objs., 3, ECF No. 192.

The "omission" to which Judge Clarke refers is Oregon's absence from a "do not sell" list. This list was compiled by Defendants and indicated states to which shipping would be prohibitively expensive or, in some cases, states in which their product was illegal. Ritchie Depo., 31:3–9, ECF No. 162-2. Defendants argue that they left the choice of which states they would market and sell to in the discretion of their salespeople, and Defendants merely "chose which states not to sell in." *Id.* at 31:8–9. Defendants' contentions, therefore, rest on semantic technicalities: if a company owner unleashes the company's marketing team to sell to a tailored set of states nationwide, the company then markets and sells to a certain state, the company owner's name is included in the postage, that company owner is free from jurisdictional reach so

---

[2] The product, called "Bizarro Incense," allegedly contains a synthetic cannabinoid called XLR11. Williams Depo. 22:4, ECF No. 178-2. Such products, commonly referred to as "spice," are used as marijuana alternatives and have been the subject of shifting legality in various states due to perceived and actual health hazards.

2 – ORDER

long as the state's name is never uttered. This argument holds no water and flouts relevant precedent.

Ritchie and Galecki, as the leaders of ZIW, may be subject to jurisdictional reach. The Supreme Court has noted that when commercial activities are "carried on in behalf of" an out-of-state party, the activities can be attributed to the party "where he is a 'primary participan[t]' in the enterprise and has acted purposefully in directing those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 n.22 (1985), *citing Calder v. Jones,* 465 U.S. at 790, *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S. Ct. 154 (1945).

As a preliminary matter, I note that the omission of Oregon's name from the "do not sell" list logically places Oregon on ZIW's "do sell" list, even if such a list was not written. Beyond that clear logical connection, however, lie the demands of *Calder*'s "express aiming" prong, which originated as a requirement of "something more" than foreseeable effects in the state in which the injury occurred. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). Those demands are handily met in this case.

Importantly, ZIW had at least seven direct sales of the product at issue to Oregon retail stores, as evinced by invoices on which Ritchie's name appeared as the shipper and which were shipped under Ritchie's FedEx account. Ritchie Depo., 36:18–37:15, ECF No. 178-3. While that fact alone arguably constitutes the "something more" needed for express aiming, Ritchie also admittedly "would speak to distributors, wholesalers, [and] retail stores" in furtherance of ZIW's enterprise; "helped determine . . . which states [ZIW] would sell products in"; at times had his name "on each individual box"; and had the authority to control shipments of the product from ZIW's base of operations. Ritchie Depo., *passim*, ECF No. 162-2. Galecki, while clearly less involved than Ritchie, nonetheless attended approximately 15 trade shows in Nevada and New

3 – ORDER

Jersey as a ZIW representative; acted as a sales representative to individuals he met while at these shows; and requested state-specific reports from specialists to determine whether various states markets or legal atmospheres were favorable for ZIW's product. Galecki Depo., 16: 2–16 & 24–25, ECF No 178-5.

Together with the fact that Ritchie and Galecki acted as the "guiding spirits" of ZIW's activities, all of these activities were carried out by objecting Defendants for their own enterprise and on behalf of ZIW, of which they collectively have total control. The jurisdictional rigors of *Calder*'s express aiming requirement are clearly satisfied in this case. Judge Clarke's conclusions on this subject were wholly accurate.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (ECF No. 192) is ADOPTED in full as follows:

1. The Motions to Dismiss filed by Defendants Yeatman, Overman, Henry, and Crews (ECF Nos. 99, 128, 129, 157, 160, 163, 165) are GRANTED.

2. The Motions to Dismiss filed by Defendants Ritchie and Galecki (ECF Nos. 81, 113) are DENIED.

3. Plaintiff's Motion to Amend (ECF No. 173) is GRANTED.

IT IS SO ORDERED.

Dated this _11_ day of April, 2016.

								                          _____
								                          Michael J. McShane
								                          United States District Judge

4 – ORDER